704 P.2d 264

**The STATE of Arizona, Appellee,**

v.

**Robert John BAUER, Appellant.**

**No. 2 CA–CR 3414.**

Court of Appeals of Arizona,
Division 2, Department A.

March 28, 1985.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

R. Lamar Couser, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant, convicted by a jury of child molestation, was sentenced to a prison term of 5.25 years. The record shows that the victim was a 2½-year-old girl. Appellant had moved into a trailer next door to the victim's home only a few days before the incident occurred. Prior to the incident the victim had seen him on numerous occasions and he had given her candy.

On the day in question, appellant volunteered to watch the girl at his trailer while the mother went about her house cleaning. The child was out of her sight for about 45 minutes. When the child returned she came in and went to the bath-

room. Her mother described the child as being upset when she first saw her return. The victim was in the bathroom for a little while when the mother went in and saw the victim taking off her pants. The mother said, "Did you wet your pants?" The girl answered, "No." The mother asked, "Why are you taking off your pants?" The girl said, "guy." At that time it was hard for the victim to talk because she was just learning. She kept saying to her mother, "guy, guy."

It took her mother a little while before she understood what she was saying. Then the mother said to her, "Did guy take off your pants?" And the victim said, "yes." The mother then took her into her bedroom laid her down and said to the little girl, "What did the guy do?" The victim started rubbing her vagina. She kept rubbing her vagina and said, "guy. guy." Her mother then asked her, "Where is the guy?" They then went into the living room and the little girl looked out and pointed at appellant's trailer and said, "guy."

In examining the child, the mother had seen redness on the vaginal lips and inside the vagina itself. The mother had never seen the child rub herself in this fashion even when she had a diaper rash or irritation from urine. However, the child had no rash or mark when she was bathed that very morning and the mother recognized that this was no ordinary diaper rash or similar irritation. She then went to the home of a friend and called the sheriff's department. Even though the friend was very familiar to the child, the child resisted having her pants taken down for the friend to look at the mark.

After the deputies and detectives arrived and interviewed the mother, they arrested appellant. He was handcuffed and placed in the patrol car. While appellant was in the patrol car, he was twice identified by the victim. The first time was in the presence of a uniformed officer. The mother was explaining to the officer how the child had rubbed her vagina when asked what the guy had done to her, and the child kept saying, "guy," so the officer put the child

by the window and asked, "Who's the guy?" The girl pointed directly at appellant, who was alone in the police car, and repeated, "guy." The second time was in the presence of Detective Margaret Saravo. Again the child was asked, "Who is the guy?" And the child pointed again to appellant in the patrol car.

The victim was taken to the hospital. She had been to the hospital several times before, for accidental injuries and illness, and there had never been a problem about being undressed for examinations. However, when her own mother attempted to undress her, the victim was screaming, crying and hanging on to her pants. When the doctor succeeded in undressing her, the doctor discovered not merely redness but an actual abrasion of the vaginal area. The doctor testified that this was not diaper rash nor a urine burn, and that in his 11 years of doing emergency room medicine he had never seen an abrasion from clothing on that part of the body.

Detective Saravo also testified at the trial that she had been working on sex crimes for seven years, had received special training, kept up with the professional literature, and had investigated more than 100 cases of child molestation. She had received some training on what areas of the body are likely to be affected by molestation, what types of injuries there are and what they look like. She testified that the child's injury which she had observed at the hospital was consistent with molestation. She also noted that molestation victims often suffer from nightmares, which is precisely what happened to the victim. Moreover, the victim used anatomically accurate dolls to show Detective Saravo that the "guy" had rubbed her vagina.

Appellant contends that the trial court erred in denying his motion for a directed verdict, in denying his motion to suppress the in-court identification at trial by the mother and Detective Saravo and the pretrial identification by the child, in allowing Detective Saravo to testify that the rubbing on the child was consistent with molestation, and in admitting the hearsay tes-

timony of the victim as an excited utterance. We affirm.

■ A defendant is not entitled to have the trial court direct a judgment of acquittal where there is substantial evidence that he has committed the crime charged. *State v. Axley*, 132 Ariz. 383, 646 P.2d 268 (1982). The facts which we have previously set forth show that there was more than substantial evidence here.

■ The trial court's determination to admit evidence of an out-of-court identification will not be overturned on appeal in the absence of clear and manifest error. *State v. Myers*, 117 Ariz. 79, 570 P.2d 1252 (1977). The identification procedure here was similar to that followed in *State v. Carrillo*, 108 Ariz. 524, 502 P.2d 1343 (1972). Here, the victim had previously told her mother that "guy" was the appellant next door by pointing at appellant's trailer. The officer conducted no independent investigation but was directed to appellant by the victim. The circumstances of this case were not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. The admission of the out-of-court and in-court identifications was proper.

■ An expert witness is one who possesses skill and knowledge superior to that of men in general. Whether a particular witness possesses sufficient qualifications to qualify as an expert is within the trial court's discretion and such determination will not be upset on appeal in the absence of a clear abuse of discretion. *State v. Mosely*, 119 Ariz. 393, 581 P.2d 238 (1978). An expert need not be a professional but may be a lay person who has special knowledge superior to men in general through actual experience or careful study. *State v. Macumber*, 112 Ariz. 569, 544 P.2d 1084 (1976), cert. denied, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978). In light of the training and experience of Detective Saravo, the trial court did not abuse its discretion in permitting her to testify as to whether or not the abrasion was consistent with molestation.

Appellant contends that the victim's statements about "guy" were improperly admitted under Rule 803(2), Rules of Evidence, 17A A.R.S., the excited utterance exception to the hearsay rule, because as the victim was not competent to testify, her extra-judicial statements could not be used and because there was no excited utterance. We do not agree.

■ In Arizona excited utterances of children who are incompetent to testify because of their age are admissible in evidence. See *State v. Boodry*, 96 Ariz. 259, 394 P.2d 196 (1964); *Soto v. Territory*, 12 Ariz. 36, 94 Pac. 1104 (1908).

■ Appellant claims that Rule 803, including the excited utterance exception, applies only if the declarant is available at trial. We do not agree. Rule 803 is entitled "Hearsay Exceptions; Availability of Declarant Immaterial" and it begins with: "The following are not excluded by the hearsay rule, even though the declarant is available as a witness: ..." It can hardly be expressed more clearly that the Rule 803 hearsay exceptions apply regardless of whether the declarant is available or unavailable.

■ To be admissible, an excited utterance must be a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. Appellant contends that the child made no statement since all the child said was the single word "guy." This argument is devoid of merit. Her use of the word "guy" combined with her actions were functionally equivalent to a statement that "guy was rubbing my vagina."

■ Appellant's contention that there was no evidence that the statement was given under the stress of excitement caused by the event is also devoid of merit. The record shows that it had been a mere 45 minutes from the time the mother last saw the child until she returned, and at that time the child seemed to be upset. She was also rubbing her vagina in a way that she had never done before. There is

no requirement that the evidence show the child to have been hysterical. Her demeanor and actions were sufficient evidence of a startling or shocking event, notwithstanding that she did not volunteer the information until questioned. See *State v. Ritchey*, 107 Ariz. 552, 490 P.2d 558 (1971).

Affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.