719 P.2d 283

The STATE of Arizona, Petitioner,

v.

The SUPERIOR COURT of Arizona, In and For the COUNTY OF PIMA, and Honorable John G. Hawkins, a judge thereof, Respondents,

and

Scott James SKALA, Real Party in Interest.

No. 2 CA–SA 0328.

Court of Appeals of Arizona, Division 2, Department A.

March 15, 1986.

Reconsideration Denied April 15, 1986.

Stephen D. Neely, Pima Co. Atty. by Michael E. Owen, Tucson, for petitioner.

Laney & Jaszewski by Samuel Jaszewski, Tucson, for real party in interest.

## OPINION

HOWARD, Presiding Judge.

Petitioner brought this special action to challenge the trial court's order in a child

molestation case concluding that the three-year-old victim is not competent to testify as a witness and that the victim's out-of-court statements to others are inadmissible. The real party in interest, the defendant, was charged by indictment with one count of child molestation. The court's order followed a hearing to determine the competence of the victim, defendant's daughter, pursuant to A.R.S. § 13–4061, and the admissibility of her out-of-court statements under A.R.S. § 13–1416. The particular facts of this case warrant the exercise of our discretion to assume jurisdiction. The victim and key witness is three years old, substantial delay would result from an appeal, and the statutes involved are of fairly recent vintage. A.R.S. §§ 13–4061 and 13–1416. See *State v. Superior Court of the State of Arizona, in and for the County of Maricopa,* 129 Ariz. 156, 629 P.2d 992 (1981).

## COMPETENCY OF VICTIM TO TESTIFY

Following the hearing at which the victim, her mother, a detective and two physicians testified, the court concluded that the victim "is not competent to testify in this matter as she appears unable to receive just impressions of the facts and to relate them truly. It appears also that she cannot appreciate the oath taken by a witness." Both the defendant and the state agree that the trial judge and counsel were unaware that the competency statute, A.R.S. § 13–4061, had been revised. Thus, the court applied the former version of A.R.S. § 13–4061 and § 12–2202 in determining the competency of the victim to testify as a witness.

A.R.S. § 13–4061 was revised effective May 16, 1985.[1] That statute now provides: "In any criminal trial every person is competent to be a witness." Previously, A.R.S. § 13–4061 prescribed the application of civil competency standards to criminal proceedings. Under the former version of the statute, § 12–2202 applied to preclude as witnesses children under ten years of age "who appear incapable of receiving just impressions of the facts respecting which they are to testify, or of relating them truly." While Rule 601, Rules of Evidence, 17A A.R.S., provides that every person is competent to be a witness except as otherwise provided by statute, the previous version of § 13–4061, incorporating § 12–2202, removed the presumption of competency of a child less than ten years old.

The amended version of § 13–4061, follows the federal rule, which presumes every person to be competent as a witness. See Fed.R.Evid. 601. Neither age, mental capacity nor feeble-mindedness renders a witness incompetent or disqualified. Judge Weinstein suggests that it would "probably be more accurate to say that [in determining questions under Rule 601], the court will decide not competency but minimum credibility." 3 Weinstein's Evidence ¶ 601[01], at 601–10 (1985).[2]

1. Defendant was indicted on March 8, 1985. The competency hearing was held October 1 and 3, 1985. Application of the statutory revisions and additions is appropriate. See *Hopt v. Utah,* 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884); *State v. Steelman,* 120 Ariz. 301, 585 P.2d 1213 (1978) (changes in admissibility of evidence do not lead to ex post facto violation.)

2. See, e.g., *United States v. Roach,* 590 F.2d 181, 186 (5th Cir.1979) ("There seems no longer to be any occasion for judicially-ordered psychiatric examinations or competency hearings of witnesses—none, at least, on the theory that a preliminary determination of competency must be made by the district court."); *United States v. Strahl,* 590 F.2d 10, 12 (1st Cir.1978), *cert. denied,* 440 U.S. 918, 99 S.Ct. 1237, 59 L.Ed.2d 468

(1979) (defendant claimed that testimony of prosecution witness should have been struck as incredible because his memory ebbed and faded, his demeanor was argumentative and he had drunk heavily at time of events in question; appellate court found that objections "were suitably treated as questions concerning the credibility of the witness rather than his competency."); *United States v. Banks,* 520 F.2d 627, 630 (7th Cir.1975) ("Competency of a witness to testify, as distinguished from the issue of credibility, is a limited threshold decision by the trial judge as to whether a proffered witness is capable of testifying in any meaningful fashion whatsoever." This line of inquiry involved taking of drugs, including methadone, during the trial. The court ruled that it was error to preclude this inquiry since it prevented the jury

Defendant argues that, even under the revised competency statute, the court's ruling was correct. Defendant contends that in order to be found competent to testify the child must understand her duty to testify truthfully and must "grasp the abstract concept that deal[s] with truth and falsity." See Rule 603, Rules of Evidence, 17A A.R.S. Under early common law the testimony of young children was often excluded due to their inability to understand the nature of the oath. See 2 Wigmore, Evidence § 505 (Chadbourn rev. 1979). With the 1975 adoption of the federal rules, upon which our rules are based, the advisory committee recognized an elimination of incompetency grounds and adopted a more flexible approach in dealing with young children. See Fed.R.Evid. 601 and 603 Advisory Committee notes ("Affirmation is simply a solemn undertaking to tell the truth; no special formula is required.")

Flexibility is the key to determining the competency of very young children. A preschool-aged child generally does not understand abstract concepts such as oath, duty, truth or lie. A child's testimony may be rambling and disjointed, characterized by lack of continuity, spotty memory and an inability to discuss specific dates and times. Those failings, however, go to the credibility of the witness and the weight to be

given the testimony, not to competency. See *Appeal in Pinal County Juvenile Action Nos. J–1123 and J–1124*, 147 Ariz. 302, 709 P.2d 1361 (App.1985).

A competency determination is no longer mandatory for children under the age of ten years. A.R.S. § 13–4061; see *State v. Schossow*, 145 Ariz. 504, 703 P.2d 448 (1985). This does not mean that a witness may never be challenged on competency grounds. But since there are no longer artificial bases for disqualifying a witness as incompetent, such as youth, old age or feeble-mindedness, the inquiry into the competency of a challenged witness has been narrowed. The traditional preliminary examination is no longer required, but a trial judge has broad discretion to address such challenges and determine the issue raised.[3] See Weinstein, supra, at ¶ 601[01]. Competency to testify does not require that the child comprehend the abstract concepts of truth, falsehood and duty to testify truthfully. The fact of the extreme youth of the witness and any inconsistencies in her testimony are matters to be considered by the jury in connection with her credibility and the weight which should be given to her testimony, but do not affect competency. See *State v. Jerousek*, 121 Ariz. 420, 590 P.2d 1366 (1979);

from assessing credibility; in context, however, it was harmless); *United States v. Snead*, 447 F.Supp. 1321 (E.D.Pa.) aff'd, 577 F.2d 730 (3d Cir.), cert. denied, 436 U.S. 930, 98 S.Ct. 2829, 56 L.Ed.2d 775 (1978) (court held competency hearing to determine whether codefendant had sufficient recall to testify because of being under the influence of alcohol or drugs when the crimes were committed; court found his recall was good and that any questions as to accuracy were for the jury in assessing credibility). *See also Commonwealth v. Whitehead*, 379 Mass. 640, 400 N.E.2d 821, 834 (1980) (in prosecution for rape, armed robbery, armed assault with intent to murder and assault and battery by means of a dangerous weapon, where defendant moved to strike victim's testimony as incompetent, on the grounds of inconsistencies and her "limited intelligence," no error in trial judge's decision to allow victim to testify where "'tendency' ... except in quite clear cases ... is to let the witness testify and have the triers make any proper discount for the quality of her 'understanding'," citing treatise; to the extent defend-

ant's motion to strike can be construed as a claim that "victim's knowledge of the events was too meager," no error in admission where "victim testified to her own impressions of happenings in which she was involved and her story was not so inherently fantastic as to 'show intrinsically a lack of sufficient knowledge,'" comparing Rule 601 and Rule 602).

3. To that end, confusing or compound questions to a young child are ineffective; simple queries must be propounded. To establish a child's ability to understand questions, recall events and narrate information, questions regarding events and subjects familiar to the child will be useful. To show that the child can narrate accurate information, questions employing clear examples of facts and errors of facts should be asked in lieu of queries about abstract concepts such as duty to testify truthfully and the difference between truth and falsity. A young child may also respond to questions like "Will you promise to tell us (or me) what happened?"

*State v. Roberts,* 139 Ariz. 117, 121, 677 P.2d 280, 284 (App.1983).

In instances of extreme youth, to find a lack of competency, the judge must be convinced that no trier of fact could reasonably believe that the prospective witness could have observed, communicated, remembered or told the truth with respect to the event in question.

In this case, both the trial judge and state's counsel questioned the victim. While many of the questions were posed in terms of hypotheticals and focused upon determining whether the child understood what it means to tell lies or the truth, the examination did reveal the witness' ability to understand questions and respond meaningfully. She responded accurately to preliminary questions regarding her name, age, and whether she had any siblings, and she also responded accurately to questions regarding the colors of items in the courtroom. Also, while she did not grasp abstract concepts, she readily pointed out errors of fact in various questions. For example, the following questions by the state's attorney led to testimony which established the child's capacity to discern factual errors:

"Q. Now, do you know what color does red look like? Do you know what color red looks like? Do you have a red in there?

A. (Indicating.)

THE COURT: The record may reflect that she has a red crayon in her hand.

Q. (By Mr. Owen) Can I borrow the red crayon for a minute? ... Now, Nicole, if I told you that this—if I said Nicole, this is a black crayon, would that be right?

A. But it's red.

\* \* \* \* \* \*

Q. If you did something—if your mommy said Nicole, don't cross the street, would you cross the street?

A. (Witness shaking head no.)

Q. If you crossed the street after your mommy told you not to, do you think you'd get in trouble?

A. (Witness shaking head no.) I did not.

\* \* \* \* \* \*

Q. What kind of doll is this, do you know?

A. White.

Q. White. Is this a dog?

A. It's a cat.

Q. It's a cat. Does this cat have pants on?

A. (Witness shaking head no.)

Q. What does it have on?

A. T-shirt.

\* \* \* \* \* \*

Q. Have you ever seen anybody with a beard before? Do you know what a beard is? What's a beard?

A. I don't know beard.

\* \* \* \* \* \*

Q. This is a dog. Woof.

A. But it isn't. It's a cat."

While the judge recognized that the witness could accurately report fact even in response to questions containing factual errors and that her difficulty with abstract concepts was consistent with her young age, he found her incompetent to testify under the former standards of A.R.S. § 13–4061 and § 12–2202. The ruling was based also on a finding that the witness was unable to appreciate the oath. The trial court's determination of competency was not based upon the current statute, and the order is therefore vacated. In view of the witness' testimony in this case and the current status of the law, we hold that this witness is competent to testify. It is for the jury to judge her credibility.

## ADMISSIBILITY OF VICTIM'S OUT–OF–COURT STATEMENTS

The revision of the general rule of competency was simultaneous with the amendment of A.R.S. § 13–1416, which governs

the admissibility of out-of-court statements by a child.[4] Section 13–1416 provides:

"§ 13–1416. *Admissibility of minor's statement; notice.*

A. A statement made by a minor who is under the age of ten years describing any sexual offense performed with or on the minor by another person or any act of physical abuse of the minor, which is not otherwise admissible by statute or court rule, is admissible in evidence in any criminal or civil proceeding if both of the following are true:

1. The court finds, in an in camera hearing, that the time, content and circumstances of the statement provide sufficient indicia of reliability.

2. Either of the following is true:

(a) The minor testifies at the proceedings.

(b) The minor is unavailable as a witness, provided that if the minor is unavailable as a witness, the statement may be admitted only if there is corroborative evidence of the statement.

B. A statement shall not be admitted under this section unless the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings to provide the adverse party with a fair opportunity to prepare to meet the statement."

In this case, following a hearing, the trial court granted a defense motion to preclude the victim's out-of-court statements to others. The court ruled that the foundation required by § 13–1416 for admissibility of those statements could not be met.

First, under § 13–1416(A), a trial court must determine whether the out-of-court statements are "otherwise admissible by statute or court rule." The trial court considered the rules of evidence, specifically Rules 803 and 804, and ruled that the minor's out-of-court statements fit none of the recognized hearsay exceptions. Courts

have allowed the admission, over hearsay objection, of testimony as to a child's statements under Rule 803(2), the excited or spontaneous utterance exception to the hearsay rule. See *United States v. Nick*, 604 F.2d 1199 (9th Cir.1979); *State v. Barnes*, 124 Ariz. 586, 606 P.2d 802 (1980); *State v. Ritchey*, 107 Ariz. 552, 490 P.2d 558 (1971); *State v. Boodry*, 96 Ariz. 259, 394 P.2d 196, cert. denied, 379 U.S. 949, 85 S.Ct. 448, 13 L.Ed.2d 546 (1964); *State v. Bauer*, 146 Ariz. 134, 704 P.2d 264 (App. 1985); but see, *State v. Rivera*, 139 Ariz. 409, 678 P.2d 1373 (1984). Rule 803(4), the medical diagnosis exception, has also operated to allow admission of certain out-of-court statements, *United States v. Nick*, supra; however, that rule was restricted by this court in *State v. Reidhead*, 146 Ariz. 314, 705 P.2d 1365 (App.1985). Rule 801(d)(1)(B) may, under appropriate circumstances, apply to admit as non-hearsay prior consistent statements of the victim/witness. See, e.g., *State v. Martin*, 135 Ariz. 552, 663 P.2d 236 (1983). Finally, the evidence presented or subjects raised on cross-examination by the defense may create other grounds for admission of out-of-court statements of the minor victim. See, e.g., *State v. Moran*, Ariz. (App.1985) (applying Rule 801(d)(1)(A)).

Rule 803(24) provides a useful set of criteria to be used in weighing the admissibility of hearsay not encompassed within any of the specified exceptions. That rule provides:

"(24) Other Exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general pur-

---

**4.** In addition to the liberalization of competency standards and admission of out-of-court statements, the new statutes also prohibit court-or-dered psychological or psychiatric examination to assess witness' or victim's credibility. See A.R.S. § 13–4065.

poses of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant."

The general exception provided in Rule 803(24) may apply even though the declarant is available as a witness so long as the evidence carries certain guarantees of trustworthiness. Similarly, A.R.S. § 13–1416 allows the admission of a minor's out-of-court statements if the court finds sufficient indicia of reliability even if the minor testifies at the proceedings.

Two principles, reliability and necessity, serve as the underlying rationale for specific exceptions to the general rule that hearsay statements are inadmissible. By enacting § 13–1416, the legislature created another formal hearsay exception, recognizing the necessity and an inherent degree of reliability of a child/victim's hearsay statements. At least four other states have adopted statutes similar to A.R.S. § 13–1416. See Colo.Rev.Stat. § 13–25–129; K.S.A. 60–460(dd); Utah Code Ann. § 76–5–411; Wash.Rev.Code Ann. § 9A.44.120.

Having found the child incompetent to testify in this case, the trial court ruled that "if a child witness were found to be incompetent by inability to receive just impressions or truthfully relate the facts concerning the event, the statements would be too unreliable for admission." The court based its ruling upon *State v. Ryan*, 103 Wash.2d 165, 691 P.2d 197 (1984). In *Ryan*, the Washington Supreme Court held that a finding of incompetence under Washington's statutory equivalent of A.R.S. § 12–2202 resulted in automatic exclusion of the child's out-of-court statements under a statute substantially similar to A.R.S. § 13–1416. Our competency rules have been revised and the elements of § 12–2202 no longer apply; thus, the specific concerns of the Washington court are not pertinent to a determination of reliability under § 13–1416. Furthermore, we reject the notion that the testimonial incapacity of a child renders the child's out-of-court assertions inadmissible under § 13–1416. If the child is unavailable as a witness at trial, § 13–1416(A)(2)(b) merely requires the additional element of "corroborative evidence of the statement." [5]

■ Since we find that the victim in this case is a competent witness under A.R.S. § 13–4061 and may testify at trial, the admissibility of her out-of-court statements depends upon a finding "in an in camera hearing, that the time, content and circumstances of the statement provide sufficient indicia of reliability." A.R.S. § 13–1416(A)(1). The determination of reliability must be made on a case-by-case basis and is a decision for the trial court. The logical interpretation of § 13–1416 is to require an independent inquiry as to each proffered out-of-court statement. In other words, if the circumstances require, each witness who will testify to statements by the child must testify at an in camera hearing regarding the time, content and circumstances of the child's statement.

In this case, the child's mother testified that during toilet training she noticed redness in the child's vaginal area. She asked her daughter, "How come you are red down there, honey?" The child replied, "Daddy pee-peed on me." The mother testified that she proposed alternative causes of the redness to her daughter (climbing out of crib, riding hobby horse, playing at sitter's house), but the child was adamant in repeating her initial response. The mother testified that she did not attempt to influence her daughter in any manner and that, while her marriage was not at its best, she had no plans to end it at that

**5.** The Washington statute requires corroborative evidence of the "act"; therefore Washington's law is inapplicable to A.R.S. § 13–1416(A)(2)(b).

time. In fact, because the mother wavered in her response to a question from a Child Protective Services social worker as to whether she believed her daughter or her husband (who denied any sexual contact), the child was removed from her home and placed in protective custody for approximately four days.

■ The trial court ruled that even if her testimonial incapacity did not render them inadmissible, the child's statements to her mother lack sufficient indicia of reliability because, while there was no motive for the child to lie,[6] the statements were not made until two days following any opportunity for contact with the defendant; the statements were made in response to the mother's questions; only the mother heard the statements initially; her marriage to the defendant was "troubled;" and she "can hardly be an objective observer." The court's ruling, in essence, was that the time (two days) and circumstances (lack of credibility of mother, lack of spontaneity of statements) dictate against the admission of statements by the child to her mother. The trial court had an opportunity to observe the child's mother as she testified and is in a better position to judge her credibility and/or objectivity. We do not disturb the court's judgment in that regard. The court did, however, attach significance to the child's delay in reporting and the fact that her initial statement came in response to a question by her mother.

Two doctors testified at the hearing, the child's regular pediatrician who, admittedly, was inexperienced in sexual abuse cases, and an emergency room physician from Tucson Medical Center with experience in the areas of child abuse and molestation. The pediatrician testified that he would have expected the victim to report the events sooner and expressed surprise that she had not complained within hours of the incident. His testimony was noted in the court's under-advisement order. The emergency room physician who testified did not find the child's delay in reporting surprising for a variety of reasons and recognized that any speculation as to the two-day delay was inconclusive. While the time of a child's out-of-court statement must be considered, it must be examined in the context of all the facts of a case and is not alone conclusive. Courts have recognized that the time of reporting may be affected by the relationship of the defendant to the child and other unique factors. A very young child sexually abused by a parent who has no clear understanding of the incident may not report it immediately, and the child's initial statements often consist of responses to the questioning of a persistent, trusted adult. See *State v. Myatt*, 237 Kan. 17, 697 P.2d 836 (1985); *State v. Garay*, 453 So.2d 1003 (La.App. 1984). See also *State v. Lindsey*, 149 Ariz. 493, 720 P.2d 94 (App.1985). Cf. *State v. Bauer*, supra.

■ The court also heard testimony from a police detective who had interviewed the victim using anatomically correct dolls. The child had also made numerous statements to her aunt, who did not testify at the hearing. The court's minute entry is not clear, and we are unable to determine, whether the court intended to preclude all out-of-court statements by the child or just those made to the mother.[7] If the initial statements to the mother are determined to be unreliable, the taint of unreliability does not automatically preclude all subsequent statements. In some cases, the trial court may conclude that all statements are unreliable, but that determination must be independently made as to each statement offered and/or each wit-

---

6. See *State v. Bauer*, 146 Ariz. 134, 704 P.2d 264 (App.1985).

7. The order states: "The fact that [the victim] later made similar statements in response to questions from [her pediatrician] or [her aunt] adds nothing to the reliability of the initial statements nor does the repetition add any corrobo-

ration.... In conclusion this Court finds that the time, content and circumstances of the out-of-court statements lack sufficient indicia of reliability to make them admissible...." Defendant's motion to preclude is not part of the record.

ness called to so testify. We vacate the orders under A.R.S. § 13–1416 and remand for determinations consistent with this opinion. Since § 13–1416 is a new statute, the following discussion may provide some guidance to the court in applying it.

In this case, the trial court analyzed the victim's out-of-court statements to her mother by applying a set of factors specified by the Washington Supreme Court in *State v. Ryan*, supra, and *State v. Parris*, 98 Wash.2d 140, 654 P.2d 77 (1982).[8] The statute itself sets forth the factors to be considered in determining reliability: time, content and circumstances. A.R.S. § 13–1416(A)(1). Each case may, on its facts, present varying elements of those factors; however, there is no exhaustive set of factors, nor does a determination of reliability rest upon a numerical calculation of positive facts versus negative facts. Courts have suggested numerous elements which may be considered under the unique facts of a particular case, but they are by no means limiting or exhaustive. See, e.g., *United States v. Nick*, supra; *State v. Myatt*, supra; *State v. Rodriquez*, 8 Kan. App.2d 353, 657 P.2d 79 (1983); *State v. Ryan*, supra. Each offered statement must be evaluated in the factual context of the particular case, with the overall goal of determining whether reliability is sufficiently indicated by the evidence adduced at the in camera hearing. If the court determines that the statements are reliable under the statute, then the defendant's right of confrontation is not offended by the admission of inherently trustworthy and reliable hearsay. See *State v. Ryan*, supra.

The defendant argues that, as a practical matter, the witness cannot be subjected to cross-examination by reason of her extremely tender years. Thus, he argues, the "details" of the incident cannot be "filled in" and the out-of-court statements are unreliable. Applying A.R.S.

§ 13–4061, we have determined the victim is competent to testify at trial. The defendant will have the opportunity to cross-examine her to bring any inconsistencies or lack of detail in her testimony to the attention of the jury. At this time, defendant's contention that the child cannot be cross-examined is unfounded and premature.[9] We note also that a young child's inability to specify dates, times and similar details does not render that child incapable of cross-examination as defendant apparently contends. See e.g., *State v. Berry*, 101 Ariz. 310, 419 P.2d 337 (1966). Cf. *State v. Jerousek*, supra.

The trial court in this case found that corroborative evidence of the statements was also lacking. We do not reach this issue in view of our decision regarding the child's availability to testify at the trial.

We remand for proceedings consistent with this opinion.

HATHAWAY, C.J., and FERNANDEZ, J., concur.

---

8. In *State v. Ryan*, supra, the Washington Supreme Court held that a finding of reliability based solely on the defendant's confession was inappropriate.

9. See *U.S. v. Iron Shell*, 633 F.2d 77 (8th Cir. 1980) *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981); *State v. McCafferty*, 356 N.W.2d 159 (S.D.1984).