746 P.2d 39

**Bobby R. ESCOBAR, Petitioner,**

**v.**

**SUPERIOR COURT OF the STATE OF ARIZONA, In and For the COUNTY OF MARICOPA, Honorable Philip W. Marquardt, a judge thereof, Respondent Judge,**

**STATE of Arizona, Real Party in Interest.**

**No. 1 CA–SA 264.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 24, 1987.

Dean W. Trebesch, Maricopa County Public Defender by John Ronan Curry, Deputy Public Defender, Phoenix, for petitioner.

Thomas E. Collins, Maricopa Co. Atty. by H. Allen Gerhardt, Christine Greenfield, Deputy Co. Attys. and Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Phoenix, for real party in interest.

## OPINION

SHELLEY, Presiding Judge.

On February 10, 1987, Bobby R. Escobar (petitioner) was indicted by grand jury on one count of child abuse, a dangerous crime against children, a class 2 felony in violation of A.R.S. § 13-3623(A) and (B). Petitioner filed a motion to dismiss or, in the alternative, a motion for a new finding of probable cause pursuant to Rule 12.9, Arizona Rules of Criminal Procedure. On September 3, 1987, the trial judge denied the motion. Thereupon, petitioner filed a petition for special action with this court.

Petitioner, Beatrice Flores, and her child, Danny, lived together in an apartment in Phoenix. Danny suffered second degree burns to his buttocks, feet, and right hand in the bathtub of the family apartment. These injuries were the focus of the grand jury inquiry into petitioner's conduct. Detective Jaramillo was the only witness to testify before the grand jury. Thereafter, petitioner filed his initial motion for a new finding of probable cause, alleging among other things that Jaramillo falsely testified that Danny received third degree burns. Petitioner further alleged that he was denied due process in that the state adduced testimony with regard to a statement given by a witness which in effect was misleading because the entire statement was necessary to truly present to the jury the material portion of the statement. The trial court remanded the case to the grand jury for a new finding of probable cause based solely upon the failure to give the entire statement of the witness to the grand jury. No ruling whatsoever was made with respect to the claim that Detective Jaramillo gave false and misleading testimony. Petitioner was again indicted for one count of child abuse, a dangerous crime against children, a class 2 felony. Petitioner filed a motion to dismiss or in the alternative, a motion for a new finding of probable cause with respect to this second indictment.

The crime of child abuse, a class 2 felony, requires that the child must receive serious physical injury, which means "physical injury which creates a reasonable risk of death or which causes serious or permanent disfigurement, or serious impairment of health or loss or protracted impairment of the function of any bodily organ or limb." Arizona Revised Statutes § 13-3623(A)(3). If committed intentionally and knowingly, it is a class 2 felony. If done recklessly, it is a class 3 felony. If done with criminal negligence, it is a class

4 felony. Section 13–3623(A)(2) reads as follows:

> 'Physical injury' means the impairment of physical condition and includes but shall not be limited to any skin bruising, bleeding, failure to thrive, malnutrition, burns, fracture of any bone, subdural hematoma, soft tissue swelling, injury to any internal organ or any physical condition which imperils a child's health or welfare.

If physical injury rather than serious physical injury is inflicted on the child, then if it is intentionally or knowingly done, it is a class 4 felony. If done recklessly, it is a class 5 felony, and if done with criminal negligence, it is a class 6 felony.

Thus, the nature and extent of the injury to Danny, a child almost three years old at the time of the May 26th grand jury hearing, was material in determining the type and class of felony for which the defendant should be indicted. Petitioner posits that Detective Jaramillo gave false or misleading testimony in three basic areas:

1. That the victim suffered only second degree burns instead of third degree burns as testified to by Jaramillo;

2. That there was no basis for his testimony that the injuries to the victim were life-threatening; and

3. That the extent and the degree of the burns to the victim's hands were unsupported.

The state concedes that there were no third degree burns and that the burns were second degree burns which covered 15.25% of the child's total body surface. The following question was presented to Jaramillo: "Did the treating physician indicate that the burns to Danny Flores were life threatening?" The answer was: "They could have been. Yes, sir." Jaramillo's response to the question as to whether the doctor felt the injuries were life-threatening was ambiguous. However, from his testimony it could easily be inferred that the doctor felt that the injuries were life-threatening. Jaramillo testified as follows with respect to the burns on the victim's hand:

MR. MARTINEZ: Did you say his right hand was burned, too?

A. Yes, sir.

Q. Did it appear like it was submerged, or to what extent?

A. Second degree.

Q. But was it, the hand completely burned?

A. No, sir.

Q. From the wrist down, or a portion?

A. Just from the wrist down.

Q. So the whole hand?

A. It was red. It appeared that the whole hand had been submerged.

Q. Similar to the feet.

A. Not quite that bad. Those are third, third degree. But they were blistering.

Jaramillo's statement with regard to the injured hand was ambiguous and probably incorrect.

The state asserts, however, that petitioner was not denied a substantial procedural right by the grand jury proceeding as required by Rule 12.9(a), Arizona Rules of Criminal Procedure in order to merit a remand for a new probable cause finding. It cites *State v. Jacobson*, 22 Ariz.App. 128, 524 P.2d 962 (1974), to the effect that the sufficiency of the evidence may not be attacked in a motion for a new determination of probable cause.

Petitioner cites the case of *Crimmins v. Superior Court*, 137 Ariz. 39, 668 P.2d 882 (1983), and states that he is not basing his claim on the sufficiency of the evidence but on the grounds that the proceedings denied him his substantial and procedural right to a fair and impartial presentation of evidence. In *Crimmins* the court, after citing other cases, stated:

> Those cases clearly prohibit a trial court from considering an attack on an indictment based on the nature, weight or sufficiency of the evidence presented to the grand jury. *See State v. Jacobson*, 22 Ariz.App. 128, 524 P.2d 962 (1974). *In this court, and in the trial court, Crimmins has made a different contention. He urges that the proceedings denied*

*him his substantial procedural right to a fair and impartial presentation of evidence.* We have reviewed the record and the transcript with that issue as our frame of reference rather than considering sufficiency. (Emphasis added)

*Id.*, at 42–43, 668 P.2d 882.

■ We have reviewed the record to determine if the proceedings denied the petitioner his substantial procedural right to a fair and impartial presentation of the evidence.

Petitioner asserts that the prosecution knew or should have known that the testimony was false or misleading because Jaramillo testified at the first grand jury hearing that there were third degree burns. There is, however, nothing in the record to indicate that the prosecution had any idea that Jaramillo would again testify that the burns were third degree, nor that he would testify to additional erroneous or misleading evidence. The record is clear that the first grand jury indictment was not quashed and remanded for a new finding based upon Jaramillo's testimony.

The case of *United States v. Basurto*, 497 F.2d 781 (9th Cir.1974), holds that if a prosecutor permits a defendant to stand trial upon an indictment which he knows is based on perjured testimony, a conviction thereon must be reversed because the prosecuting attorney has a duty, if he learns of perjury committed before a grand jury, to immediately inform the court and opposing counsel, and if the perjured testimony is material, to also inform the grand jury.

In this case, it is apparent that defense counsel was aware of the erroneous testimony upon receipt of the grand jury transcript. However, since the prosecutor was aware that the testimony of Jaramillo was erroneous, he should have informed the court and the grand jury which indicted the defendant (if the grand jury was still in session) in order that appropriate action could be taken to insure that the defendant would not be tried on an indictment based on erroneous testimony. The remand of this case for a new finding of probable cause achieves that result.

A key material issue with respect to the class of felony for which the petitioner should be indicted was the nature, extent and severity of the burns. The jury, among other things, had to determine whether or not the victim had *serious physical injuries* or only *physical injuries* as those terms are defined in the statute. The evidence in that regard was not fairly and impartially presented.

■ The second issue presented by petitioner has to do with the prosecution's advice to the grand jury with respect to the competency of the child, Danny Flores, to be a witness. The following occurred between the grand jurors and the prosecution:

Q. Danny doesn't talk to where he could be interviewed or asked what happened?

A. Go ahead.

He is only two and a half years old.

Q. But lots of kids talk two and a half and tell you what is what.

A. Well—

Q. Can Danny speak?

A. He speaks. Yes.

Q. Did you have an occasion to talk to Danny at all?

A. No. I didn't.

A. *As your legal advisor, even though Danny may have the ability to talk, because of his age, he would not be considered to be a competent witness to testify at any hearing regarding this particular matter. So I would simply advise the grand jury that any statement that he may or may not have made would not be admissible.*

(Emphasis added)

. . . .

Q. Why can we take a child's testimony in a molest case and we can't in this case?

A. As a general rule, the determination of competency is a determination that is made by a superior court judge prior to trial. A child of the tender age of two or two and a half, as a general rule, would not be declared competent to testify in trial. Any evidence that was presented

to a grand jury based upon statements of a two or two and a half year old that were later determined to be incompetent statements or inadmissible statements, would be grounds for the case to be dismissed and remanded back for a new probable cause hearing.

Prior to 1985, there was a presumption of incompetency of a child to be a witness if he was less than 10 years old. Arizona Revised Statutes § 13–4061, as amended in 1985, now states: "In any criminal trial, every person is competent to be a witness." In the case of *State v. The Superior Court*, 149 Ariz. 397, 719 P.2d 283 (App. 1986), Division 2 of this court stated:

> A competency determination is no longer mandatory for children under the age of ten years. A.R.S. § 13–4061; see *State v. Schossow*, 145 Ariz. 504, 703 P.2d 448 (1985). This does not mean that a witness may never be challenged on competency grounds. But since there are no longer artificial bases for disqualifying a witness as incompetent, such as youth, old age or feeble-mindedness, the inquiry into the competency of a challenged witness has been narrowed. The traditional preliminary examination is no longer required, but a trial judge has broad discretion to address such challenges and determine the issue raised. Competency to testify does not require that the child comprehend the abstract concepts of truth, falsehood and duty to testify truthfully. The fact of the extreme youth of the witness and any inconsistencies in her testimony are matters to be considered by the jury in connection with her credibility and the weight which should be given to her testimony, but do not affect competency.
>
> In instances of extreme youth, to find a lack of competency, the judge must be convinced that no trier of fact could reasonably believe that the prospective witness could have observed, communicated, remembered or told the truth with respect to the event in question. (Citations omitted.)

*Id.*, at 400–401. 719 P.2d 283.

In that case, the Court of Appeals held that the three-year-old child was competent to testify. The record showed that the child had the ability to understand the questions and to respond meaningfully. The child could accurately report the facts, therefore, even though the child was unable to appreciate the witness oath, she was competent to testify.

In this case, the prosecutor mistakenly took it upon himself to state that the child was incompetent, apparently thinking that the prior law was in effect. The prosecutor should have produced the child for questioning and allowed the jury to judge his competency and credibility, especially in light of the grand juror's request for the child's testimony.

In accordance with the rule set forth in *State v. Superior Court*, we hold, as did the court in *Crimmins*, that "the grand jury's inability to determine the case based on accurately depicted facts and the applicable law flawed its decision and entitles Crimmins [petitioner] to a new determination of probable cause." *Crimmins*, 137 Ariz. 39, 43, 668 P.2d 882. Petitioner was denied his right to due process and a fair and impartial presentation of the evidence by the manner in which the proceeding was conducted.

Petitioner requested that the case be dismissed with prejudice rather than be remanded, and requested remand only as an alternative. The request for dismissal with prejudice is denied. The relief requested is granted, and the case is remanded for a new determination of probable cause.

KLEINSCHMIDT and GRANT, JJ., concur.