804 P.2d 109

**The STATE of Arizona, Appellee,**

v.

**Jon Michael RICHARDS, aka John Mark Elliott, Appellant.**

**No. 2 CA–CR 90–0236.**

Court of Appeals of Arizona,
Division 2, Department B.

Aug. 7, 1990.

Review Denied Feb. 5, 1991.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Vicki Gotkin Adler, Phoenix, for appellee.

Susan Kettlewell, Pima County Public Defender by Frank P. Leto and Regula Case, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Jon Michael Richards appeals from a jury verdict finding him guilty of second-degree murder. He was sentenced to an enhanced term of life imprisonment.

## FACTS

On the evening of April 11, 1988, appellant and the victim were seen driving to a convenience store for beer. A witness testified that they had shown signs of physical affection towards one another. At 2:00 a.m. on April 12, the victim was last seen alive walking with appellant away from the house of a friend. At 2:30 a.m., a witness heard a woman yell and called the police. When they arrived, the police found appellant standing in the bushes and a short distance away, the victim's naked body. The police found the victim's clothes and appellant's hat near the body.

A bite mark was found on the victim's breast. Dr. Homer Campbell, an expert in forensic odontology, testified that the police had sent him appellant's dental cast from which he made wax exemplars to replicate appellant's dental profile. He received photographs showing the bite mark to scale. Then, the dental cast and wax exemplars were photographed beside a fixed scale. The resulting photographs were presented to the jury by Dr. Campbell. He demonstrated that the bite was human and identified the four teeth that marked the victim's skin. Dr. Campbell testified that the exemplar showed unique markings, some of which corresponded with the markings on the victim's skin. He concluded that the bite mark was consistent with appellant's dentition.

The jury found appellant guilty of second-degree murder. The court imposed an enhanced sentence of life imprisonment. This appeal followed.

## ISSUES

Appellant contends that the trial court violated his right to a fair trial by admitting the bite mark evidence. He also asserts that his sentence was enhanced without sufficient evidence.

## DISCUSSION

1. *Bite Mark Evidence*

Appellant contends that the trial court erred in admitting evidence linking his dental profile to the bite mark found on the victim's breast. He argues that the evidence is unreliable because it lacks general scientific acceptance. Also, he asserts that Dr. Campbell's expert testimony was inappropriate for two reasons. First, he was unqualified as an expert and second, his opinion was unhelpful to the jury.

Arizona follows the *Frye* rule. *State ex rel. Collins v. Superior Court*, 132 Ariz. 180, 644 P.2d 1266 (1982); *Frye v. United States*, 293 F. 1013 (D.C.Cir.1923). Under *Frye*, the proponent of scientific evidence must show the evidence's underlying reliability. The test is whether the methods employed in producing the evidence have gained general scientific acceptance and recognition. *Id.* Scientific evidence meeting this criterion is admissible if presented by a qualified expert. *Id.*

Appellant acknowledges that each jurisdiction that has considered the issue of whether bite mark evidence is admissible has accepted its use. See *State v. Stinson*, 134 Wis.2d 224, 228 n. 2, 397 N.W.2d 136, 137 n. 2 (App.1986). See also *State v. Sager*, 600 S.W.2d 541 (Mo.App.1980), cert. denied, 450 U.S. 910, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981). Arizona has implicitly recognized the reliability of bite mark evidence. In *State v. Garrison*, 120 Ariz. 255, 585 P.2d 563 (1978), the supreme court

found that an expert in forensic odontology could properly testify that there was an eight in one million probability that the bite marks found on the victim were not made by the accused. The court held that the expert's statement was admissible because it was capable of being supported by adequate medical authority. Coincidentally, Dr. Campbell testified as the expert in *Garrison*. The issue of whether the bite mark comparison itself was admissible, however, was neither raised nor decided. Here, the prosecution did not attempt to quantify the probability that Richards inflicted the bite mark on the victim. Compare, *State v. Garrison, supra* (Gordon, J., dissenting); *People v. Collins*, 68 Cal.2d 319, 438 P.2d 33, 66 Cal.Rptr. 497 (1968).

Some jurisdictions have admitted bite mark evidence without the prerequisite of a *Frye*-type hearing. *Handley v. State*, 515 So.2d 121 (Ala.Crim.App.1987); *Bundy v. State*, 455 So.2d 330 (Fla.1984); *People v. Marsh*, 177 Mich.App. 161, 441 N.W.2d 33 (1989); *State v. Armstrong*, 369 S.E.2d 870 (W.Va.1988). These cases have held that the *Frye* rule is inapplicable when "expert evidence is in the nature of physical comparisons as opposed to scientific tests or experiments." *Handley v. State*, supra, at 130. In rejecting the applicability of *Frye*, the *Bundy* court reasoned:

> The evidence in question is based on the examination of impressions made by human teeth and their comparison with models of known human teeth for the purpose of determining whether the impressions were or probably were or could have been made by a particular individual. Bite mark comparison evidence differs from many other kinds of scientific evidence such as blood tests, "breathalyzer" tests, and radar (as well as from inadmissible techniques such as the polygraph and voice-print analyses) in that these various techniques involve total reliance on scientific interpretation to establish a question of fact. With bite marks evidence, on the other hand, the jury is able to see the comparison for itself by looking directly at the physical

evidence in the form of photographs and models.

455 So.2d at 349.

■ The method or techinique of making a comparison varies among forensic odontologists. However, all comparisons are made from similar and sound procedures by a skilled expert. See *People v. Marsh, supra; State v. Sager, supra*. We note that appellant does not challenge the method of producing or the resulting accuracy of the dental casts or exemplars. The presentation of comparative evidence by a qualified expert without a *Frye* hearing is commonplace in criminal trials. See *State v. Dixon*, 153 Ariz. 151, 735 P.2d 761 (1987) (shoe prints compared to tracks); *State v. Blazak*, 114 Ariz. 199, 560 P.2d 54 (1977) (hair identity); *State v. Watson*, 114 Ariz. 1, 559 P.2d 121 (1976), cert. denied, 430 U.S. 986, 97 S.Ct. 1687, 52 L.Ed.2d 382 (1977) (bullet marking on car); *State v. Bauer*, 146 Ariz. 134, 704 P.2d 264 (App. 1985) (abrasion was consistent with molestation). See M. Udall and J. Livermore, Arizona Practice: Law of Evidence § 22 (2d ed.1982). We therefore hold that where bite mark evidence is presented by a qualified expert, a *Frye* hearing is not required.

■ Appellant somewhat obliquely also challenges Dr. Campbell's qualifications as an expert because the American Dental Association (ADA) does not recognize forensic odontology as a specialized field of dentistry. A trial court's determination of who may testify as an expert witness will not be disturbed absent an abuse of discretion. *State v. Mosley*, 119 Ariz. 393, 581 P.2d 238 (1978). Dr. Campbell has a degree in dentistry, is certified by the American Board of Forensic Odontologists, has served as a fellow on the American Academy of Forensic Sciences, has taken post-graduate courses in forensic odontology and has practiced in the field since 1973. He has also testified as a qualified expert in other criminal cases in this and other jurisdictions. An expert may be qualified to give his opinion by either careful study of the subject presented or from his experience. *Godwin v. Farmers Insurance Co. of America*, 129

Ariz. 416, 631 P.2d 571 (App.1981). An expert need not exhibit the highest possible degree of qualification; the extent of his training and experience is a matter of weight to be determined by the jury. *State v. Mosley, supra.* Without more, the fact that the ADA does not recognize forensic odontology does not establish an abuse of discretion.

 We also disagree that Dr. Campbell's testimony was unhelpful to the jury. He was able to explain the unique features of appellant's dental profile and how they compared to the bite mark on the victim. In addition, his experience afforded him the ability either to rule in the appellant or to rule him out according to the bite mark presented. His opinion was therefore of value in assisting the jury in its fact-finding duties.

In summary, we hold that the bite mark evidence is admissible without a preliminary determination of reliability and that any argument concerning the reliability of such evidence is properly addressed to the jury.

*2. Enhanced Sentence*

Appellant contends that the trial court abused its discretion in sentencing him to an enhanced term of life imprisonment. He argues that the court had insufficient evidence to determine that he was on parole when he committed the murder. The trial court based its sentence on a presentence report prepared by a probation officer. Appellant objected to this action by the court. In order to enhance a sentence pursuant to A.R.S. § 13–604.02 in the absence of an admission by the defendant, the state must either introduce certified copies of the documents establishing prior convictions and prove that the defendant is the person to whom the documents refer, *State v. Hurley*, 154 Ariz. 124, 741 P.2d 257 (1987), cert. denied, 484 U.S. 1028, 108 S.Ct. 756, 98 L.Ed.2d 768 (1988), or it can take judicial notice of its own files. See *State v. Rushing*, 156 Ariz. 1, 749 P.2d 910 (1988). If the state is unable to obtain the

necessary documentation, it must show that it used reasonable diligence in attempting to obtain it and that the evidence that is introduced in its place is highly reliable. *State v. Hurley, supra.* Here, the state failed to satisfy its duty under *Hurley.* Therefore, appellant's sentence is vacated.

We have searched the record for fundamental error and have found none. The judgment of conviction is affirmed and the matter is remanded for resentencing.[1]

FERNANDEZ, C.J., and ROLL, P.J., concur.

1. At the resentencing hearing the court may consider additional evidence of appellant's pa-

role status. *State v. Hudson,* 158 Ariz. 455, 763 P.2d 519 (1988).