Delmer STRODE *v.* STATE of Arkansas

CR 76-17                                          537 S.W. 2d 162

Opinion delivered June 7, 1976

*Erwin L. Davis,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. On April 4, 1975, three informations were filed, each charging appellant with the crime of selling intoxicating liquor on Sunday, and each also charged that appellant had previously been convicted of a like off nse.

On July 1, appellant was tried and found guilty of a first offense of selling intoxicants on Sunday, February 9, 1975. The remaining two informations for alleged offenses on February 16, 1975, and March 2, 1975, were consolidated and tried on August 14, 1975. No appeal was taken from the July 1 conviction. The August trial resulted in convictions on both remaining informations, and appellant was fined $500 and sentenced to 15 days in the county jail on each. From those convictions this appeal is brought.

Appellant first alleges error in the trial court's failure to instruct the jury according to his proffered instruction no. 1. This instruction provided, "If you should find the defendant guilty (of one or more charges) then you should affix his fine (on each charge) at no less than $100 nor more than $500."

Appellant was charged pursuant to Ark. Stat. Ann. § 48-901(b) (Repl. 1964), which in pertinent part reads as follows:

> Any person who shall sell intoxicating alcoholic liquor on Sunday . . . shall be guilty of a misdemeanor and for the first offense be punishable by a fine of not less than One Hundred Dollars ($100.00) nor more than two hundred and fifty dollars ($250.00), *and for the second and subsequent offenses* he shall be guilty of a misdemeanor and punishable by a fine of not less than two hundred and fifty dollars ($250.00) and not more than five hundred dollars ($500.00) or by imprisonment in the county jail for not less than ten (10) days nor more than six (6)

months, or both so fined and imprisoned in the discretion of the court or jury. (Italics supplied.)

The State introduced into evidence a copy of the order indicating appellant had been convicted on July 1, 1975, of the offense of selling liquor on Sunday. Appellant contends that since on the date the informations were filed he had not been convicted, the July 1, 1975, conviction should not have been used to enhance his punishment in either case on appeal here.

Appellant was on notice from the time the informations were filed that a prior conviction was charged in each. Appellant obviously was aware of his conviction of July 1, 1975, and of its possible application in any later convictions. While it is not the customary practice for the State to rely on a conviction not yet existent at the time the informations are filed, no prejudice has resulted from such action in this case. Accordingly we find appellant was not denied benefit of notice and the opportunity to prepare and respond accordingly.

It also is noted that the offenses which led to the convictions involved in this appeal occurred on February 16, 1975, and March 2, 1975. Section 48-901(b), *supra,* provides for enhanced punishment for second and subsequent *offenses,* not for second and subsequent *convictions.*

Appellant next questions the trial court's exclusion, for cause, of a juror who on voir dire indicated that she thought the sale of beer on Sunday should be allowed. Although she later changed her response, she was rather equivocal about it, and we find the court did not abuse its discretion in discharging her for cause.

Even if it be assumed that the exclusion of this juror was erroneous, an assumption we do not make, we have held that:

\* \* \* "Since a party is not entitled to have any particular juror, the erroneous rejection of a competent talesman is not prejudicial, in the absence of a showing that some biased or incompetent juror was thrust upon him."

*Lewis v. Phillips*, 223 Ark. 380, 266 S.W. 2d 68 (1954). * * *

*Satterfield v. State*, 252 Ark. 747, 483 S.W. 2d 171 (1972). Appellant did not make the requisite showing herein.

Appellant's concluding assignment of error questions the admission of a portion of the testimony of Joe Moreno, the undercover police officer responsible for effecting appellant's arrest. When asked on redirect examination his purpose for being at appellant's residence, Moreno replied, "We were also purchasing what we thought were narcotics." Appellant asserts that this testimony was prejudicial and should have been stricken. However, as was noted by the trial court in response to appellant's objection at the time, appellant on cross-examination previously opened this line of inquiry. An examination of the record establishes that it was appellant who initially sought to determine Moreno's purpose for going to appellant's residence. Appellant cannot be heard to complain of error that he was responsible for inviting. *Denton v. State*, 189 Ark. 284, 71 S.W. 2d 197 (1934); *Anderson v. State*, 210 Ark. 548, 197 S.W. 2d 36 (1946); *Randle & Wright v. State*, 245 Ark. 653, 434 S.W. 2d 294 (1968).

Affirmed.