Louis RICKETTS, Administrator
of the Estate of Emma Belle Clanton RICKETTS,
Deceased *v.* Homer Monroe FERRELL

84-92                                    671 S.W.2d 753

Supreme Court of Arkansas
Opinion delivered July 9, 1984
[Rehearing denied September 10, 1984.]

*Joe E. Purcell,* and *Smith, Jernigan & Smith,* by: *H. Vann Smith,* for appellant.

*Gibson Law Office,* by: *Charles S. Gibson,* for appellee.

RICHARD B. ADKISSON, Chief Justice. The declarant, Emma Belle Clanton Ricketts, pursuant to Ark. Stat. Ann. § 61-301 (Repl. 1971), executed a document entitled "Desig-

nation of Heir" on August 21, 1965, naming appellee, Homer Monroe Ferrell, as her sole heir at law. The document was delivered to appellee at this time. On April 14, 1982, the declarant died intestate, leaving an estate composed of real and personal property. On May 7, 1982, after notification of her death, appellee recorded the document pursuant to Ark. Stat. Ann. § 61-302 (Repl. 1971). These statutes provide:

Ark. Stat. Ann. § 61-301

Declaration — Acknowledgement. — In all cases hereafter, when any person may desire to make a person or persons his or her heirs at law, it shall be lawful to [do] so by a declaration in writing in favor of such person or persons, to be acknowledged before any judge, justice of the peace, clerk of any court, or before any court of record in this State.

Ark. Stat. Ann. § 61-302

Record of declaration. — Before said declaration shall be of any force or effect, it shall be recorded in the county where the said declarant may reside, or in the county where the person in whose favor such declaration is made, may reside.

Appellee then petitioned the court to be declared the sole heir at law. The petition was granted.

Appellant, administrator, argues on appeal that the document must be filed before the declarant's death for it to be of any effect. We do not agree. No time limitation is provided for in these statutes. Here, the declarant died on April 14, 1982, and the document was punctually filed twenty-three days later on May 7. If the legislature had intended that the document be recorded before the declarant's death for it to be effective, they would have said so.

Appellant further argues that the trial court erred in admitting testimony regarding the relationship between the declarant and the appellee. Although this testimony properly should not have been admitted, we fail to see any

possible prejudice to the appellant in its admission.

Affirmed.