Howard Vernon HUGHES *v.* STATE of Arkansas

CR 86-198                                    732 S.W.2d 829

Supreme Court of Arkansas
Opinion delivered July 6, 1987

*Darrell E. Baker, Jr.*, and *Danny Hyslip*, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Howard Vernon Hughes was charged with rape and sexual abuse by engaging in deviate sexual activity between July and November 1985 with a five year old boy in violation of Ark. Stat. Ann. § 41-1803 and § 41-1808 (Repl. 1977). Hughes was convicted and sentenced to forty years in the Department of Correction.

On appeal Hughes contends the trial court erred in admitting hearsay evidence without first determining the child's reliability in accordance with A.R.E. Rule 803(25)(A)(1)(j). He submits also the statements were too remote in time and were not

shown to be sufficiently reliable to be admitted under A.R.E. Rule 803(25). He contends testimony proffered by the defense should not have been refused. We affirm the judgment.

The state's proof was that appellant's mother, Hazel Hughes, operated a baby-sitting service in her home. The child was left there two or three days a week from 9 o'clock in the morning until his mother got off work at about 6:00 p.m. At times the child was alone with Howard. The child's mother received information in November 1985 that prompted her to ask her son whether he had been touched around his genitals. The child, she said, readily told her that Howard had touched him there, he said Howard had made him put his penis in his mouth, that he had twisted his arm and once put him in a closet. He told his mother he did not like Howard.

The child testified at trial and described the same occurrences—Howard made him put his penis (referred to as his "peek-a-dear") in his mouth and did the same to him, that Howard had hit him, and scared him by putting him in a bedroom closet. These accusations were repeated by Sergeant Denny Halfacre of the Sheriff's Department based on his interviews with the child. He said the child also told him, "Howard tries to make me hit and be bad to other kids, but Hazel makes him stop."

Stephanie Danielson, a psychological examiner at Ozark Guidance Center, and Judith Smith, an investigative social worker with Arkansas Social Services testified to similar statements made by the child in the course of their interviews. Ms. Smith said the child told her that white sticky stuff came out of Howard's penis into his mouth. Ms. Danielson testified that using anatomically correct dolls the child had demonstrated the sexual acts which had occurred between Howard and himself and, when asked what kind of sound was made by the act of oral sex, the child made a sucking noise. He said the same thing happened to one of his friends.

## Trustworthiness of the Statements

Prior to trial the state notified the defense that it intended to rely on A.R.E. Rule 803(25) and a pre-trial hearing was conducted. The state presented essentially the same testimony which was later offered at trial, except that the child did not

testify at the hearing. Ms. Danielson's testimony included her reasons for believing the child's statements to her were reliable and Ms. Smith said she had "no reason whatsoever to suspect that [the child] was not telling the truth." At the close of the hearing the trial judge ruled the statements could be admitted at trial.

On appeal appellant does not question the constitutionality of A.R.E. Rule 803(25) under the confrontation clause, rather, he submits the in camera procedure under the rule requires that the child personally appear before the trial judge at the hearing to establish the reliability-credibility of his statements if they are to be introduced at trial. We sustain the argument.

■ Rule 803 of the Arkansas Rules of Evidence was amended by Act 405 of 1985. The amendment added subsection 25 to A.R.E. Rule 803 by providing that the statements of a child under ten years of age concerning sexual offenses are admissible in a criminal proceeding, provided the court determines in a hearing outside the presence of the jury that the statements have a reasonable likelihood of trustworthiness using thirteen criteria, including "(j) the reliability-credibility of the child witness before the Judge." Among the other criteria are: the age and maturity of the child, the circumstances, time and content of the statement, "any other corroborative evidence," and "any other factor which the court at the time and under the circumstances deems relevant and appropriate." The emergency clause recites the alarming rate of child abuse, the need to expedite the prosecution of such crimes, and to minimize "the trauma and distress of child victims."

■ While we agree with appellant's argument that the wording of A.R.E. Rule 803(25) can only be read as intending that the trial judge must form his own conclusions of the trustworthiness of the statements by observing the child as a witness, we are satisfied there was substantial compliance with subsection (j) in this case by the child taking the stand at trial and testifying to the factual details on which the charges were based. The testimony of the other witnesses came afterwards, with the exception of the child's mother, and their testimony was consistent with that given by the child. *In Interest of C.K.M.,* 481 N.E.2d 883 (Ill. App. 1985). Other states have adopted statutes similar to Act 405 of 1985 and those enactments have provisions

requiring the child to appear before the trial judge unless the child is unavailable. In the latter case, other corroborative evidence is required. See Revised Code of Washington, 9 A.44.120 (1982); Kansas Stat. Ann., § 60-460 (dd) (1982); Colorado Rev. Stat. § 18-3-411(e); Ill. Rev. Stat. ch. 38, para. 115-10 (1983); Ind. Code § 35-37-4-6 (1984); Minn. Stat. § 595-02(3) (1984); Utah Code Ann. § 76-5-411 (1983).

### Proximity of the Statements

We disagree, that the statements in this case were too remote in time to be admissible under A.R.E. Rule 803(25). The statements were made within a few months of the alleged events. Nothing in the act suggests that a proximity of that degree is beyond the intended scope of the act.

### Testimony of Ms. Judith Smith

We find no merit in the contention that the statements given by Ms. Smith should have been excluded because she was uncertain whether she had questioned the child about the evils of lying. She said she avoided using the word "lie," preferring other methods of stressing the importance of truth. Nothing in her testimony suggests she was not alert to distinguishing between fact and falsehood.

### Testimony of Ms. Stephanie Danielson

Appellant maintains the testimony of Ms. Danielson should have been excluded because, as a psychological examiner, she was not observed by a supervisor while interviewing and testing this child in January, 1986. Appellant relies on Ark. Stat. Ann. § 72-1502(A) which provides that a psychological examiner may practice certain kinds of personality appraisal, counseling, psychotherapy or personality readjustment techniques "only under qualified supervision." There was no proof that this provision was intended to apply to these procedures. The trial court interpreted the statute as intended for control within the profession and appellant has not demonstrated how that was error. Even if the act applies, Ms. Danielson's testimony that her conclusions were reached after discussions with her supervisor indicates reasonable compliance. *Ricketts* v. *Ferrell,* 283 Ark. 143, 671 S.W.2d 753 (1984).

## *Proffered Testimony*

Appellant's remaining point is that the trial court should have permitted the defense to introduce two statements. The parents of the appellant, Roger Hughes and Hazel Hughes, were prepared to testify that in the spring of 1985, before the alleged events with Howard, they separately overheard the child talking to other children about an incident involving his mother and her boyfriend. Mr. Hughes understood the child to say that he had seen his mother "kissing her boyfriend's stomach and below." Mrs. Hughes said she overheard similar remarks from the child, "I think he said tummy and down below."

Appellant submits this proferred testimony was erroneously excluded as hearsay. He contends the purpose of the proof was to show that the child had knowledge of oral sex prior to any of the alleged acts charged to Howard. We need not weigh whether the proposed testimony was subject to a hearsay objection, as it is clear the trial judge excluded it as collateral (R.p. 591) and because he did not consider it relevant. (R.p. 607).

We note initially there is room for considerable doubt as to just what inference can be drawn from the proferred testimony. Aside from that, Mrs. Hughes was not even certain of what she heard the child say. Be that as it may, whether the remarks are probative of the conclusion that the child was thus informed about oral sex by his observations at home rather than his asserted experiences at the Hughes household is, at best, debatable, and one which resides largely with the discretion of the trial court. *Hamblin v. State,* 268 Ark. 497, 597 S.W.2d 589 (1980). Giving the remarks as much probative force as possible, they do not explain the child's graphic description of Howard's ejaculation in his mouth nor the sounds he associated with the experience. We are satisfied the proferred remarks had minimal probative value and there was no abuse of the trial court's discretion in excluding them for lack of relevance. *Killensworth v. State,* 278 Ark. 261, 644 S.W.2d 933 (1983); *Jim Halsey Co., Inc. v. Bonar,* 284 Ark. 461, 683 S.W.2d 898 (1985). A.R.E. Rule 403.

For the reasons stated, the judgment of conviction is Affirmed.

Purtle, J., dissents.

JOHN I. PURTLE, Justice, dissenting. My chief disagreement with the majority opinion is that I feel A.R.E. 803(25) is unconstitutional as violative of the Confrontation Clause of the Sixth Amendment. The appellant in the present case did not argue the constitutionality of A.R.E. 803(25) and I will therefore not address that issue in this opinion. For a discussion of the constitutionality of the new child hearsay exception, see my concurring opinions in *Joe Henry Johnson* v. *State,* 292 Ark. 632, 732 S.W.2d 817 (1987) and *Charles Wesley Cogburn* v. *State,* 292 Ark. 564, 732 S.W.2d 807 (1987). The appellant did, however, argue that the trial court did not comply with the requirements of Rule 803(25) itself and I agree with his argument.

The provisions of A.R.E. Rule 803(25) were not followed by the trial court in the present case. The new rule excludes from the rule against hearsay statements concerning physical or sexual abuse made by a child under ten years of age:

> *PROVIDED* The court finds, in a hearing conducted outside the presence of the jury, that the statement offered possesses a reasonable likelihood of trustworthiness using the following criteria:
>
> . . .
>
> j. the reliability-credibility of the child witness before the Judge.
>
> . . .
>
> 3. If a statement is admitted pursuant to this Section the Court shall instruct the jury that it is for the jury to determine the weight and credit to be given the statement and that, in making the determination, it shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factors.

The child did not testify at any hearing conducted outside the presence of the jury. The only testimony presented by the child was that on one occasion the appellant made him put the appellant's penis in the child's mouth. That's enough to sustain a conviction. However, all the amplification and/or embellishment

presented by hearsay witnesses was probably the basis of the conviction by the jury.

One of the hearsay witnesses testified that the victim said the appellant twisted his arm. The victim testified that it did not happen. The child did not state either by tape recorded statement or trial testimony, that "sticky stuff" came out of the appellant's penis. He never referred to his penis as a "pick-a-dear", "pick a dur", or any of the other funny little names furnished by the hearsay witnesses. All of the witnesses, including the officer, stated that the appellant denied the accusations.

Witness Smith, the social worker, testified to the boy's detailed description of the alleged sexual acts between the appellant and the child. However, the child did not remember telling her any of these things. Neither did he confirm the testimony of witness Danielson, the psychological examiner, who gave equally damaging testimony.

Ms. Danielson testified that it was her opinion that the child was telling the truth and that it was her opinion that the child had been sexually abused. In the companion case of *Johnson* v. *State,* we hold that a medical witness could not give his opinion, in the absence of medical evidence, that a child had been sexually abused. We base this holding on our decision in *Russell* v. *State,* 289 Ark. 533, 712 S.W.2d 916 (1986), where we stated:

> The single point of appeal concerns a question asked of the State's first witness, Dr. Donna Van Kirk, a licensed psychologist. The Deputy Prosecuting Attorney first asked Dr. Van Kirk if in her opinion the victim had been sexually abused. The appellant objected, and the trial court correctly ruled that the witness could not give her opinion about whether sexual abuse had, in fact, occurred.

Ms. Danielson is a licensed psychological examiner. Why should a psychological examiner be allowed to give such an opinion in this case and a psychologist not be allowed to give a similar opinion in *Russell*? The only answer is that our opinions are not consistent.

Although the victim was present at the trial and testified on behalf of the state, the trial court allowed all of the hearsay testimony from the other witnesses. The mother testified *before*

*the child* as to the boy's recitation to her of the accusations concerning the appellant. The police officer testified *after* the child that that's what the boy told him (or something like it). The social worker testified that that's what the child told her (or something like it). The psychological examiner testified that that's what the child told her (or something like it). It was primarily all this hearsay testimony, not the alleged victim's testimony, that contributed to the severity of the sentence, if not the conviction itself. After five (5) different versions of the alleged despicable act had been presented to the jury, the inescapable inference was that the accusations must be true.

The child did not testify that the appellant performed oral sex on him. This evidence was solely presented by hearsay witnesses who stated that they heard the child make the statements. The child was not even asked about this type of activity, nor was he questioned concerning the details of the other allegations. Judy Smith, the social worker, testified that the child did not tell her that the appellant placed the child's penis in his mouth. Her exact words were: "I don't believe he told me that Howard had put his mouth on his 'peck a doo.'" Officer Halfacre was asked the question: "Did it occur to you that you should have asked if the child had actually had to perform oral sex on this adult?" His answer was: "Okay. That I did ask. He said no." Witness Danielson stated the victim told her both acts of oral sex were performed. This witness also stated that the victim related that a sucking sound was made during the performance of oral sex. The child did not state such in his testimony nor was he asked about it.

I mention only a few of the hearsay statements to show how devastating the testimony must have been. It was absolutely unnecessary because the witness was present and testified. Even if all these statements were actually made, they should not have been admitted because there was absolutely no confrontation afforded. No power on earth can reveal what result confrontation would have had at the time the statements were allegedly made. The trial court allowed their introduction into evidence because Rule 803(25) dispenses with the right of confrontation whenever the declarant is under the age of 10 and is the alleged victim of physical or sexual abuse.

The majority opinion makes the statement that the trial judge must form his own conclusions of the trustworthiness of the hearsay statements by observing the child as a witness as required by subsection (j). Where in the record is a finding of "the reliability-credibility of the child witness *before the judge?"* The majority's statement that this requirement was met is not founded anywhere in the record. The opposite is true. There was not a hearing conducted outside the presence of the jury, or anywhere else, to determine the reliability-credibility of the child. It was impossible for the trial court to make such a determination because the child never appeared before him for such purpose at all. The trial court made absolutely no attempt to determine the trustworthiness of the alleged statements. How this Court can make the statement that the rule was substantially complied with by the child taking the stand at the trial is beyond me. This determination is supposed to take place before the introduction of the hearsay statements or the testimony of the child at the trial.

The majority is in error again where it states the hearsay witnesses' testimony was consistent with the child's testimony. The statement is only partially true because, as discussed earlier in this opinion, their testimony went far beyond the testimony of the child. He never told the jury half the things the hearsay witnesses did. Their testimony at trial, with the exception of the mother's, was presented after the testimony of the child. This testimony very obviously was not intended to prove the trustworthiness of the child's statements, but rather to prove additional criminal acts of which these witnesses had no personal knowledge and which were not even corroborated by the testimony of the victim.

The reliability of the hearsay statements is particularly lacking in this case. There is no testimony from any source which even establishes the month this crime was supposed to have occurred. All we know is that many months afterward, following two or three discussions with the child, he eventually gave several different recitations of the alleged act. The original information was filed January 7, 1986. On April 29, 1986, two days before the trial, the court permitted the state to amend the information to allege the crime occurred *between May and September,* 1985. The defense in this case was alibi and the practical effect of this

amendment was to give the defense an additional forty-five days to account for—with only two days until trial. Smith did not interview the victim until November, 1985, and Danielson did not interview him until January of 1986. It is quite clear that the statements were not within a relatively short time span of the alleged act. See *State* v. *Skala,* 719 P.2d 283 (Ariz. App. 1986), where two days was considered too remote. Certainly the legislature intended that the time of the statements in relation to the alleged offense be considered when determining the trustworthiness of the hearsay statements.

The defense proffered hearsay testimony which has long been considered within a well-established exception to the hearsay doctrine. There is no doubt that in order that justice be done the jury should have been allowed to consider the proffered testimony of Hazel and Roger Hughes, the defendant's mother and father, in determining the credibility of the victim's statements. This proffered statement occurred prior to any hearsay statement made to the state's witnesses. The testimony was offered for the purpose of showing that the child's knowledge of oral sex existed prior to the time of the alleged offense. The testimony was a statement by the child that he had come into the living room unexpectedly one night and discovered his mother "sitting on" her boyfriend and "kissing him on the stomach and below". The record clearly demonstrates that the state objected to this testimony as hearsay, and the trial court excluded it as such. The following exchange from the record:

> STATE: Judge, it is still hearsay he is trying to show.
>
> DEFENSE: It is not.
>
> THE COURT: Let him finish. He is trying to show that that's where the boy got the knowledge, so it has to be true for him to have gotten that knowledge. So it is as to the truth of the matter asserted. I will sustain objection to it.

A statement made out of court is not hearsay if offered for the purpose of providing that the statement was made, and not for the purpose of proving the truth of the matter asserted. *Nowlin* v. *State,* 252 Ark. 870, 481 S.W.2d 320 (1972); and A.R.E. 801(c).

Even if the proffered testimony were hearsay, so was that of the other witnesses. I fail to understand why the hearsay rule

applies to one and not the others. These proffered statements were no more collateral or irrelevant than were all of the other hearsay statements. They all fit the same category. The discretion of the trial court does not extend to the extent of allowing hearsay in favor of the state and rejecting it on behalf of the defense.

I cannot end this dissent without a final reference to my concurring opinions in *Johnson* and *Cogburn*. Neither can I vote to uphold a conviction based solely upon completely untested hearsay testimony. I would reverse and remand for a new trial.