Gratton HARRIS *v.* STATE of Arkansas

CR 88-33                                748 S.W.2d 666

Supreme Court of Arkansas
Opinion delivered May 9, 1988

*Parker Law Firm*, by: *Kyle D. Parker*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant appeals from his conviction of second degree battery which resulted from a jury finding that he intentionally or knowingly, without justification, caused injury to Anthony Ward, the six-year-old son of appellant's girlfriend. Appellant raises five points for reversal, four of which involve either the constitutionality, construction or application of A.R.E. Rule 803(25). His remaining point involves the trial court's denial of appellant's mistrial motion regarding certain remarks made by the prosecutor in his opening argument. We affirm the trial court's ruling on all points.

Because the state intended to offer witnesses who would testify concerning statements made by Anthony about the origin

and nature of his injuries, the trial judge conducted a pretrial hearing to determine the admissibility of such hearsay testimony under the requirements of A.R.E. Rule 803(25). We first note that appellant's objection at the pretrial hearing was based on appellant's claim that the hearsay testimony to be given by the state's witnesses would be cumulative and its probative value would be outweighed by the prejudice it would cause. On appeal, the appellant, by different counsel, argues for the first time on appeal that Rule 803(25) violates the Confrontation Clause of the sixth and fourteenth amendments; and citing *Ricarte* v. *State*, 290 Ark. 100, 717 S.W.2d 488 (1986), he further argues the rule was illegally enacted by the Arkansas General Assembly, instead of being properly adopted by this court under its rule-making power. We have long held that a party cannot change the grounds for an objection on appeal, *Vasquez* v. *State*, 287 Ark. 473-A, 702 S.W.2d 411 (Supplemental Opinion) (1986). Therefore, we do not address appellant's two issues that pertain to the validity and constitutionality of Rule 803(25).

We may, however, consider appellant's contention that the hearsay statements, heard and considered by the trial court at the 803(25) hearing, should have been excluded at trial as cumulative and prejudicial. Appellant does not question the relevancy of such testimonial evidence. Our court has held that the mere fact that evidence is cumulative may be a ground for its exclusion, in the sound discretion of the trial judge, but it is hardly a basis for holding that its admission, otherwise proper, constitutes an abuse of discretion. *Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1980). The question of weighing the prejudicial effect of cumulative evidence against its probative value is a matter of balancing which is primarily the function of the trial judge in the exercise of his discretion and which should not be interfered with on appeal in the absence of manifest abuse. *Id.*

Here, Anthony testified at trial that the appellant "whipped me because I had an accident in my britches." Anthony claimed the appellant kicked him, beat him with a belt and fly swatter wire, held his head under the water in the bath tub, ran hot water on his feet and put feces in his mouth. Appellant categorically denied such allegations, claiming he had not even seen Anthony on the evening the bruises and injuries appeared on Anthony's face and body. Appellant's testimony conflicted in

meaningful respects with that offered by state witnesses, who gave a different account than appellant's concerning his whereabouts on the night Anthony sustained his injuries. In terms of A.R.E. Rule 403, we cannot say the "probative value" of the testimony presented by the state "was substantially outweighed by the danger of unfair prejudice." Accordingly, we hold the trial judge did not abuse his discretion in admitting the testimony offered by the state under Rule 803(25).

■ Appellant also argues that the trial court erred in failing to admonish (instruct) the jury, as directed under Rule 803(25)(A)(3), after each state witness testifying as to Anthony's out-of-court statements. The record shows that the trial judge, at the appellant's request, did instruct the jury after each witness *until* the appellant specifically withdrew that request. He asked the trial judge to terminate such limiting instruction before the state had called all of its witnesses — three had not yet testified. The easy answer to appellant's argument here is that he cannot now complain of error that he was responsible for inviting. *Strode* v. *State*, 259 Ark. 859, 537 S.W.2d 162 (1976).[1]

Finally, appellant contends that the trial court erred in failing to grant a mistrial because of the prosecutor's opening remarks that the state's expert witness, Dr. Tom C. Jefferson, would testify that this case involved the severest case of child abuse that he had ever seen. Appellant apparently interposed an objection to this effect during opening argument since such an objection has been abstracted even though the prosecutor's opening argument or comments cannot be found in the abstract or in the transcript lodged in this appeal. Dr. Jefferson's actual trial testimony was that, in terms of severity, he would rate the injuries to Anthony as "much more than usual severity."

■■ The general test for admissibility of expert testimony is whether the testimony will aid the trier of fact in understanding the evidence or in determining a fact issue. *Johnson* v. *State*, 292 Ark. 632, 732 S.W.2d 817 (1987); *see also* A.R.E. Rule 702. An

---

[1] In so holding, we do not imply (as appellant suggests here) that a limiting instruction must be given the jury immediately at the end of any witness's testimony that is admitted into evidence pursuant to Rule 803(25). *See specifically* Rule 803(25)(A)(3).

important consideration in determining whether the testimony will aid the trier of fact is whether the situation is beyond the trier of fact's ability to understand and draw its own conclusion. *Id.* at 640, 732 S.W.2d at 821. Here, Dr. Jefferson described the marks and deep bruises he had found when he first examined Anthony, and said the marks and imprints were compatible with hand prints, a wire or cord and a belt. He testified that there were many deep bruises about Anthony's face, an ear and his neck, back and arms, and he found "terrible thick" bruises around Anthony's buttocks area and in front of his groin. Photographs had been taken at the time of Anthony's examination and they were introduced at trial. However, Dr. Jefferson explained that Anthony, at the time of his examination, looked worse in person than the photographs depicted. We believe that Dr. Jefferson's testimony that described Anthony at the time Jefferson examined him, aided the jury in determining both the origin, nature and extent of the physical injuries sustained by Anthony. Because Dr. Jefferson's testimony was admissible, the prosecutor was entitled to refer to it in his opening statement. *Ricarte*, 290 Ark. 100, 717 S.W.2d 488.

Because we find no merit in any of the points raised by appellant, we affirm.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I think we should consider the validity and constitutionality of A.R.E. Rule 803 (25) on the merits. At every stage of the proceedings the appellant has protested the violation of his constitutional right of confrontation. A person ought not to be put to considerable trouble and expense in claiming what the United States Constitution already guarantees him. The price of such rights was paid when this Republic was established. Why then should any person be required to pay for these rights again?

For reasons stated in my dissent in *Hughes* v. *State*, 292 Ark. 619, 732 S.W.2d 829 (1987), and in my concurring opinion and the concurring opinion of Justice Dudley in *Johnson* v. *State*, 292 Ark. 632, 732 S.W.2d 817 (1987), I must dissent in this case. See also my concurring opinion in *Cogburn* v. *State*, 292 Ark. 564, 732 S.W.2d 807 (1987).