Dale SMART *v.* STATE of Arkansas

CR 88-132                                          761 S.W.2d 915

Supreme Court of Arkansas
Opinion delivered December 12, 1988

*Gibbons & Walker*, by: *David L. Gibbons*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Dale Smart was convicted of sexual abuse in the first degree for fondling an eight year old girl on June 27, 1987, in violation of Ark. Code Ann. § 5-14-108 (1987). Smart was convicted and sentenced to seven years, suspended to four, on the condition that he obtain counseling.

On appeal Smart argues that the use of the victim's hearsay statements pursuant to A.R.E. Rule 803(25) and the victim's live testimony at trial is cumulative and prejudicial. Additionally, Smart argues that the witnesses testifying to the victim's hearsay statements under A.R.E. Rule 803(25) were allowed to testify about matters other than the alleged sexual abuse incident. Finding no merit in the arguments, we affirm the trial court's judgment.

The state's proof was that Dale Smart and his wife had a babysitting arrangement with the Thackers. Veronica Thacker and some of her cousins stayed with the Smarts while their parents worked. On the evening of June 27, 1987, Dale Smart came in from work and after a drink of whiskey retired to his recliner. Smart then called Veronica over to the recliner where he placed her in his lap. While Veronica was in his lap, he proceeded to unbutton and unzip her pants, and fondled the eight year old girl. Smart's wife was not in the house when this incident occurred, and upon her return to the house, Smart obtained assurances from Veronica that she would not tell anyone about what just occurred. The following morning Veronica reported the incident to her mother and later in the afternoon Veronica told Ms. Paula Breashers, a volunteer SCAN worker and family

friend. A week later Veronica spoke with Ms. Helen White, Deputy Sheriff of Pope County, about the incident.

At trial pursuant to A.R.E. Rule 803(25) the state notified Smart that Veronica's statements to her mother, Ms. Breashers, and Ms. White would be offered at trial. The trial judge determined that these statements possessed a reasonable likelihood of trustworthiness and admitted them into evidence at the trial. Not only were these hearsay statements offered at trial, but Veronica Thacker herself testified.

■ A.R.E. Rule 803(25)(A) states that:

a statement made by a child under ten years of age concerning any act or offense against that child involving sexual offenses, child abuse or incest is admissible in any criminal proceeding in a court of this State, provided:

1. The Court finds, in a hearing conducted outside the presence of the jury, that the statement offered possesses a reasonable likelihood of trustworthiness using the following criteria . . .

A.R.E. Rule 803(25) provides an exception to the hearsay rule in cases of sexual crimes with children under ten years of age. While it is true that this exception was enacted to alleviate the trauma and distress of child victims by not requiring direct testimony from the child, there is nothing in this rule which prohibits a child from testifying. The appellant argues that when the legislature enacted this hearsay exception it meant to create "an either/or situation," that is, the child may testify or the child's hearsay statements to others may be introduced at trial, but not both. However, the rule does not state that either the statements or the live testimony may be admitted, nor does any commentary on this rule.

■ In *Harris* v. *State*, 295 Ark. 456, 748 S.W.2d 666 (1988), we recently addressed this issue. The appellant was convicted of second degree battery inflicted upon a six year old. The child/victim's hearsay statements as to the origin of his injuries were allowed under A.R.E. Rule 803(25), and the child also testified at trial. The appellant argued that the hearsay statements should have been excluded at trial because they were cumulative and prejudicial. We said:

> Our court has held that the mere fact that evidence is cumulative may be a ground for its exclusion, in the sound discretion of the trial judge, but it is hardly a basis for holding that its admission, otherwise proper, constitutes an abuse of discretion.

Therefore, in this case the trial judge did not abuse his discretion in admitting both the hearsay statements of the victim and the live testimony.

■ The appellant argues that when hearsay statements of children are admitted under A.R.E. Rule 803(25) the rule permits only "a statement made by a child . . . concerning *any act or offense* . . ." (Our emphasis). The appellant asserts that the testimony of Ms. Helen White was not confined to the mere sexual act of fondling, but she was permitted to relate statements by the child as to how she felt the next day and how she described the incident to her mother. We find little of consequence in this testimony, certainly nothing that warrants reversal. Veronica said the incident made her "uncomfortable" and that she told her mother she had a stomach ache, not from anything she had eaten, but from something that had been done to her. Assuming, without deciding, that Rule 803(25) is as narrow as appellant contends, there is nothing in this proof that could be regarded as substantially affecting the rights of the appellant. A.R.E. Rule 103.

■ The dissenting opinion asserts that the majority "evades the question of the constitutionality of A.R.E. Rule 803(25)(A)." There are clear and cogent reasons. The argument was not raised in the trial court, nor was it argued on appeal. Either omission, according to literally hundreds of our cases, many of which are authored by the dissenting justice, obviates our dealing with issues that are not presented. If we undertook to answer arguments that were raised neither here nor in the trial court, the process of appellate review would doubtless collapse under its own weight. Few principles of appeal and error are more widely followed or firmly entrenched than the rule that we do not address arguments not raised by the litigants.

The dissent discusses at some length the confrontation clause of the United States Constitution and is mystified by our failure to discuss *Coy* v. *Iowa*, ___ U.S. ___ (June 29, 1988). The same answer prevails. Beyond that, Veronica Thacker gave her

testimony regarding the sexual abuse she had experienced at the hands of the appellant in open court while directly confronting the appellant. Just how the confrontation clause was breached in this case is not explained in the dissenting opinion.

AFFIRMED.

NEWBERN, J., concurs.

PURTLE, J., dissents.

DAVID NEWBERN, Justice, concurring. The question of the validity of A.R.E. 803(25) was not raised in this case. In his concurring opinion in *Johnson v. State*, 292 Ark. 632, 732 S.W.2d 817 (1987), Justice Dudley noted that this court had asserted its authority to adopt the Uniform Rules of Evidence as rules of the court and that it has not adopted Rule 803(25). See also Justice Purtle's dissenting opinion in *Johnson v. State, supra.*

We have, in this case, again escaped the separation of powers problem created by the legislative adoption of Rule 803(25) subsequent to this court's adoption of the Uniform Rules of Evidence which did not contain that rule or anything like it.

I write separately only to restate the caveat contained in the opinion by Justice Dudley.

JOHN I. PURTLE, Justice, dissenting. This is yet another opinion in the phenomenal line of cases started by *Johnson v. State*, 292 Ark. 632, 732 S.W.2d 817 (1987); *Hughes v. State*, 292 Ark. 619, 732 S.W.2d 829 (1987); and *Cogburn v. State*, 292 Ark. 564, 732 S.W.2d 807 (1987). The majority opinion, like those in the cases cited above, evades the question of the constitutionality of A.R.E. Rule 803(25)(A). Apparently the appellant was of the opinion that we had unequivocally upheld the constitutionality of this act by the legislature.

The *Johnson* majority opinion stated:

> If we were to terminate this portion of the opinion at this point, we might be interpreted as suggesting that in any case where the witness is present for the trial his prior out-of-court statements may be substituted for live testimony as long as there are indicia of reliability of the prior

statement. We do not mean to do that.

I concurred in the *Johnson* decision because the case was reversed. We held in *Johnson* that a person may not express an opinion concerning the alleged sexual abuse of a child if that opinion is based upon nothing but the "history" given by the child. In other words, if the only basis of a witness' testimony is what the child has told that witness or what the witness has heard the child tell others, then the testimony is inadmissible.

The amazing thing about all of these opinions is that they somehow manage to completely sidestep the Sixth Amendment issue.

The question before us concerns the hearsay rule. However, in *Ohio* v. *Roberts*, 488 U.S. 56 (1980), the Supreme Court held that the Confrontation Clause of the Sixth Amendment requires, as a prerequisite to an exception to the hearsay rule, that the witness whose out-of-court statement is to be discussed must be unavailable and there must be adequate indicia of the reliability of the statement. The *Roberts* opinion further stated:

> The Confrontation Clause operates in two separate ways to restrict the range of admissible hearsay. First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case (including cases where prior cross-examination has occurred), the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant.
> . . .
> The second aspect operates once a witness is shown to be unavailable. Reflecting its underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the Clause countenances only hearsay marked with such trustworthiness that "there is no material departure from the reason of the general rule."

I also concurred in *Cogburn*. The dicta in the majority opinion seemed to hold that A.R.E. Rule 803(25) was constitutional, as applied in that particular case. The case was reversed "because of the error in admitting the videotaped statement of the

victim." The majority in *Cogburn* stated that the witness' statement of opinion that the child had been sexually abused had not been challenged in the trial court or in the appeal and therefore "we need not address this issue in this case." The *Cogburn* decision also noted that it had not been demonstrated that the declarant was unavailable before the out-of-court statement could be admitted. There seems to be no definitive ruling concerning Rule 803(25) in the *Cogburn* opinion.

The third case handed down on July 6, 1987, was *Hughes.* The majority opinion stated:

> On appeal appellant does not question the constitutionality of A.R.E. Rule 803(25) under the Confrontation Clause, rather, he submits the in camera procedure under the rule requires that the child personally appear before the trial judge at the hearing to establish the reliability-credibility of his statements if they are to be introduced at trial. We sustain the argument.

None of these decisions (*Johnson, Cogburn,* and *Hughes*) uphold the constitutionality of A.R.E. Rule 803(25).

We have abolished our rules as enacted by the legislature and readopted the rules which had been promulgated by this court. See *Ricarte* v. *State,* 290 Ark. 100, 717 S.W.2d 488 (1986). However, this court has never adopted Rule 803(25). That rule exists as a statute only. It is not within the province of the General Assembly to write rules of the court. My dissenting opinion in *Hughes* gives more detailed reasons behind this portion of my dissent. See *State* v. *Superior Court, Pima County and Skala,* 719 P.2d 283 (Ariz. App. 1986).

Several witnesses gave hearsay testimony purportedly restating allegations made by the victim. Some of them even added their own conclusions about the facts of the case. The taped deposition turned out well for the state, so it used the tape and also presented the alleged victim's testimony in person at the trial. Neither the state nor our prior cases ever intended to allow such duplication of testimony.

The most puzzling aspect of the majority opinion in the present case is its complete failure to mention the case of *Coy* v. *Iowa,* \_\_ U.S. \_\_, 108 S. Ct. 2798 (1988). In *Coy* the United

States Supreme Court considered a statute which attempted to protect child abuse victims by allowing them to testify in court behind a screen which shielded them from the accused. In *Coy* Justice Scalia quoted Acts 25:16 as follows: "It is not the manner of the Romans to deliver any man up to die before the accused has met his accusers face to face, and has been given a chance to defend himself against the charges." The opinion further stated: "We have never doubted, therefore, that the Confrontation Clause guarantees the defendant a face to face meeting with witnesses appearing before the trier of fact. See *Kentucky* v. *Stincer*, 482 U.S. ___ (1987)." Justice Scalia then stated: "There is something deep in human nature that regards face to face confrontation between accused and accuser as 'essential to a fair trial in a criminal prosecution.' " The *Coy* opinion went on to discuss the fact that the procedure providing for the screen in front of the witnesses was specifically designed to enable the witnesses to avoid viewing the accused as they gave testimony. The opinion then stated: "It is difficult to imagine a more obvious or damaging violation of the defendant's right to a face-to-face encounter."

The *Coy* opinion is binding on this court. We therefore should go ahead and rule that the legislature acted illegally when it amended A.R.E. 803 to allow a witness to testify without being confronted. This statute clearly violates the Confrontation Clause of the Sixth Amendment to the United States Constitution. Furthermore, it violates the doctrine of separation of powers. We should not continue to dance around the real issue presented in this case.